MEMORANDUM *
We review de novo a district court’s grant of summary judgment. Buono v. Norton, 371 F.3d 543, 545 (9th Cir. 2004). Although Stucky established a prima facie case of retaliation based on her suspension and termination following her filing of a January 2006 civil rights action in district court and a July 2006 complaint with the Hawaii Civil Rights Commission (“HCRC”), she faked to rebut defendants’ legitimate, non-discriminatory reasons for each adverse employment action with “specific and substantial” evidence of pretext.[1] See Stegall v. Citadel Broad. Co., 350 F.3d 1061, 1065-66 (9th Cir.2003) (quoting Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1222 (9th Cir.1998)). Her vague allusions to her previous lawsuit and her conclusory, unsupported allegations of animus and due process violations in her grievance proceedings were insufficient to meet her burden on summary judgment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 & n. 4 (9th Cir.2005).
Stucky failed to present any evidence that her suspension or termination was in any way related to her gender, and thus failed to establish a prima facie case of gender discrimination. See Godwin, 150 F.3d at 1220.
We also affirm the district court’s denial of Stucky’s Rule 56(f) motion to supplement the record with the deposition of Samuel Moore. See Fed.R.Civ.P. 56(f). The district court did not abuse its discretion in denying Stucky’s motion based on her lack of diligence, as the record shows that Wooten was in contact with Moore prior to the date that Stucky’s brief opposing the summary judgment motion was due. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir.1996). Stucky presented no evidence indicating that the deposition could not have been taken sooner.
Neither did the district court abuse its discretion in denying what Stucky styled as a “Motion for a New Trial or Reconsideration,” which sought reconsideration of the district court’s grant of summary judgment in light of previously unsubmitted evidence. See Sch. Dist. No. 1J *614 v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993) (citations omitted). The record evinces no legitimate reason that would excuse Stucky’s failing to obtain the proffered depositions in a timely manner. See Bateman v. United States Postal Serv., 231 F.3d 1220, 1224 (9th Cir.2000). Further, the proffered evidence was not “newly discovered.” The record shows Stucky’s intent to rely on Moore’s testimony well in advance of the summary judgment hearing, and the other proffered deposition was that of a named defendant. See Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir.1985).
Finally, the district court did not abuse its discretion in sanctioning Wooten and ordering him to pay opposing counsel’s fees related to the misleadingly signed Moore declaration. Wooten admitted to submitting the false declaration, relying on it during oral argument, and failing to apprise the court not only that the declaration was not signed, but that the declarant, in fact, refused to sign it. See Leon v. IDX Sys. Corp., 464 F.3d 951, 957-58 (9th Cir.2006).[2]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Hawaii courts use federal standards to review retaliation claims. See Schefke v. Reliable Collection Agency, Ltd., 96 Hawaii 408, 32 P.3d 52, 69-70 (2001). Because the state and federal claims are coextensive, they need not be analyzed separately.

. Stucky's complaint, and the district court's order granting summary judgment, address additional substantive claims, but Stucky's briefs on appeal fail to present discernible arguments on those issues. Accordingly, we address only her discrimination and retaliation claims. See Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir.1986) (noting that failure to present specific and distinct arguments regarding particular claims waives any challenge to the district court’s decision).